UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKI-ALEXANDER SHETTY,<br><br>   Plaintiff,<br><br>  v.<br><br>GREENPOINT MTA TRUST 2006-AR2, et al.,<br><br>   Defendants. | Case No. 17-cv-00808 NC<br><br>**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

  Plaintiff Niki-Alexander Shetty filed this case in this Court on the basis of federal question jurisdiction. Because the Court finds that—as a matter of law—Shetty cannot bring a claim for relief under the Fair Debt Collection Practices Act, and because Shetty has not shown the parties meet the requirements of diversity jurisdiction, the Court DISMISSES the complaint for lack of subject matter jurisdiction.[1]

## I. LEGAL STANDARD

### A. Rule 12(b)(6)

  A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

---

[1] All real parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkts. Nos. 15 (JPMorgan & Wells Fargo), 25 (Quality), 29 (Shetty), and 47 (Anthony Campos & the Campos Family Trust). For purposes of consent, the Court ignores defendants "Greenpoint MTA Trust 2006-AR2" and "Greenpoint Mortgage Funding Trust 2006-Ar2," which Shetty classifies as "non-existent trust entities." Dkt. No. 1 at 8. Any appeal will be to the Ninth Circuit Court of Appeals.
Case No. 17-cv-00808 NC

38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Rule 12(b)(1)

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Dismissal for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) dismissal is appropriate when the complaint fails to establish the court's subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). The court must determine whether a lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

## II. DISCUSSION

### A. Shetty Fails to State a Federal Claim.

The only stand-alone federal claim in this case is under the Fair Debt Collection Practices Act. Yet Shetty cannot bring a claim under the FDCPA. *Aguirre v. Cal-W. Reconveyance Corp.*, No. 11-cv-06911 CAS AGRX, 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) ("To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'") (internal quotation marks and citation omitted). "'Creditors, mortgagors, and mortgage servicing companies are not debt

Case No. 17-cv-00808 NC       2

collectors and are statutorily exempt from liability under the FDCPA.'" *Shetty v. Lewis*, No. 16-cv-03112 BLF, 2017 WL 1177993, at *6 (N.D. Cal. Mar. 30, 2017) (quoting *Aguirre*, 2012 WL 273753, at *7). In addition, "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2016). Thus, because all of Shetty's allegations as to violations of the FDCPA are directed against select defendants in their alleged capacities as "debt collectors," as a matter of law, Shetty cannot bring such a claim.

Shetty also attempts to bring a claim under 28 U.S.C. §§ 2201 and 2202. However, this statute does not create an independent basis for federal question jurisdiction. *Vaden v. Discovery Bank*, 556 U.S. 49, 70, 70 n.19 (2009); *Fazio v. Recontrust Co.*, No. 13-cv-00554 MEJ, 2013 WL 1962336, at *4 (N.D. Cal. May 10, 2013).

### B. The Court Lacks Subject Matter Jurisdiction Over This Case.

Because no federal question exists on the face of the complaint, the Court must consider if an alternative jurisdictional hook (i.e., diversity jurisdiction) is present. It is not. At least one defendant in this case is non-diverse to Shetty. 28 U.S.C. § 1332. Quality Loan Service Corporation is a California corporation. Dkt. No. 1 at 9; *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction). Lastly, the Court declines to exercise supplemental jurisdiction over this garden-variety state law mortgage case. 28 U.S.C. § 1367.

## III. CONCLUSION

Because Shetty's FDCPA claim fails as a matter of law, and no grounds for diversity jurisdiction exist, the Court DISMISSES this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 7, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-00808 NC          3